COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Friedman and Callins
Argued at Leesburg, Virginia

UNPUBLISHED

QUICK DESIGNS, LLC

v.          Record No. 1683-22-4

IVA SAKIC NOLAN

MEMORANDUM OPINION[*] BY
JUDGE RANDOLPH A. BEALES
APRIL 16, 2024

FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
Alexander R. Iden, Judge

Stephen L. Pettler, Jr. (Harrison & Johnston, PLC, on briefs), for
appellant.

Robert T. Hicks (Stephen D. Caruso; Bean, Kinney & Korman P.C.,
on brief), for appellee.


Iva Nolan sued Quick Designs, LLC alleging breach of contract.  In response, Quick

Designs filed a counterclaim alleging that Nolan was in breach of the same contract.  Both parties

filed motions for summary judgment, and the circuit court granted both motions.  The circuit court

ultimately dismissed the case with prejudice because it found that Nolan was not a party to the

contract.  On appeal, Quick Designs argues that the circuit court erred when it determined that

Nolan's business, Powerful Designs, LLC, was the proper party to the contract instead of Nolan

herself.

I. BACKGROUND

Nolan is the managing member of Powerful Designs.  In April 2021, Nolan sent a letter to

Bryan and Tracey Quick indicating her interest in purchasing the assets of the Quicks' business,

Quick Designs.  On July 2, 2021, Quick Designs entered into the Asset Purchase Agreement ("the

---

[*] This opinion is not designated for publication.  See Code § 17.1-413(A).

APA") where Quick Designs agreed to sell the assets of its business. On the first page of the APA, "Iva Sakic Nolan" appears on the line titled "'Buyer,' or assignee, whether one or more." However, on page nine of the APA, "Powerful Designs LLC" is listed in a section titled "Buyer." The following line of that section states, "By: Iva Sakic Nolan." On page ten of the APA, "Quick Designs, LLC" appears under a section titled "Seller," followed by lines that state, "By: Tracey Quick" and "By: Bryan Quick."

According to the complaint, Nolan placed a deposit in an escrow account for the purchase of the assets of Quick Designs under the APA. The APA states, "The closing date for this transaction will be on or before: August 11, 2021." However, the sale did not occur on August 11, 2021. The parties then changed the closing date, but the sale still did not occur. After the parties were unable to go forward with the planned sale, counsel for Quick Designs mailed a letter to Nolan alleging that Nolan was in breach of the APA. The letter also stated that Quick Designs intended to keep Nolan's deposit as liquidated damages for her alleged breach of the APA. Nolan then sued Quick Designs alleging that Quick Designs was, among other things, in breach of the APA. Quick Designs then filed a counterclaim in response arguing that Nolan was in breach of the APA.

After Nolan filed her complaint, the parties discovered a signed document titled, "First Amendment to Asset Purchase Agreement." The First Amendment to the APA was executed on August 25, 2021, and it was signed by Iva Nolan, Bryan Quick, and Tracey Quick. The First Amendment states, "This FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT is made this 8/25/2021 . . . by and between POWERFUL DESIGNS, LLC, a Virginia limited liability company (the 'Buyer') and QUICK DESIGNS, LLC, a Virginia limited liability company (the 'Seller')." The First Amendment then provides, "WHEREAS, the parties desire to amend certain portions of the APA as set forth more specifically herein." Finally, the First Amendment to the APA states, "NOW THEREFORE BE IT AGREED THAT: . . . The Buyer of the Business is

Powerful Designs, LLC.  Accordingly, all references in the APA to the Buyer shall be to Powerful Designs, LLC."

After discovering the signed copy of the First Amendment to the APA, Quick Designs filed a motion for summary judgment where it argued, "It is undisputed that Nolan is no longer the 'Buyer' under the terms of the Contract.  Therefore, she cannot maintain a claim against the 'Seller' (Quick Designs) for any alleged breach of the Contract terms."  Quick Designs also argued, "Nolan caused her rights as 'Buyer' under the Contract to be assigned to Powerful Designs, LLC under the terms of the First Amendment and as provided by Section 11 of the Contract."  Section 11 of the APA states:

> CREATION OF ANOTHER ENTITY BY BUYER: Buyer may elect to create another entity (e.g., corporation, partnership or LLC). This Agreement may be assigned to the entity and Buyer will cause the entity (to the extent permitted by law) to assume the same.  Buyer will continue to be personally liable for and personally guarantee the performance of this Agreement and the payment of any unpaid balances owed to Seller notwithstanding such assignment and assumption.

Powerful Designs soon filed suit against Quick Designs making similar arguments that Nolan had made in her complaint against Quick Designs.  Nolan then filed a motion to consolidate the two cases, and Nolan filed her own motion for summary judgment against the counterclaim by Quick Designs.  In her motion for summary judgment, Nolan argued, "The First Amendment states that 'all references in the APA to the Buyer shall be to Powerful Designs, LLC.'  Thus, to the extent that Section 11 creates liability or legal obligation for anyone, it is Powerful Designs, LLC, the Buyer."

After the circuit court heard oral argument on both motions for summary judgment, counsel for Nolan and counsel for Quick Designs both agreed with the circuit court that the APA and the First Amendment to the APA are unambiguous on their face.  The circuit court then found:

> Nolan is not a party to these contracts. The APA begins with Ms. Nolan as the buyer, and it ends on page 9 of the contract, with Powerful Designs LLC as the buyer. A plain reading then, taking the first amendment to the contract, which is dated August 25th, 2021, a plain reading of the APA and the first amendment shows the first amendment is to clarify who the parties are. The Court specifically finds that it is, and it is clear to the Court as a matter of law, that the first amendment is not an assignment under paragraph 11 of the APA. It is a clarification of who the parties are, and so the Court finds that the wrong party has been sued in the counterclaim as well, and grants plaintiff's motion for summary judgment on the counterclaim.

The circuit court also granted the Quick Designs motion for summary judgment that dismissed Nolan's claims against Quick Designs. Given that the circuit court dismissed both Nolan's claims and the Quick Designs counterclaim, it did not rule on Nolan's motion to consolidate. Quick Designs now appeals to this Court the circuit court's decision to grant Nolan's motion for summary judgment.

## II. ANALYSIS

Rule 3:20 of the Rules of the Supreme Court of Virginia states, "Any party may make a motion for summary judgment at any time after the parties are at issue." "If it appears from the pleadings, the orders, if any, made at a pretrial conference, the admissions, if any, in the proceedings, that the moving party is entitled to judgment, the court shall grant the motion." *Id.* The Supreme Court has clearly stated that we must "review the trial court's grant of summary judgment de novo." *VACORP v. Young*, 298 Va. 490, 494 (2020).

Here, the circuit court granted both motions for summary judgment (and dismissed the case) because it interpreted the terms of the APA and the First Amendment to the APA to mean that Nolan herself was not the proper party in the lawsuit. *See Copenhaver v. Rogers*, 238 Va. 361, 366 (1989) ("It is settled in the Commonwealth that no cause of action exists in [breach of contract] cases absent privity of contract."). On appeal, this Court must "review issues of contract interpretation de novo." *Bailey v. Loudoun Cnty. Sheriff's Off.*, 288 Va. 159, 169 (2014). When

interpreting a contract, the Supreme Court has consistently held, "We adhere to the 'plain meaning' rule in Virginia: '[W]here an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself.'" *Berry v. Klinger*, 225 Va. 201, 208 (1983) (alteration in original) (quoting *Globe Co. v. Bank of Boston*, 205 Va. 841, 848 (1965)). "Contracts are construed as written, without adding terms that were not included by the parties." *TM Delmarva Power, L.L.C. v. NCP of Va. L.L.C.*, 263 Va. 116, 119 (2002). Furthermore, the Supreme Court has stated, "[W]here parties have entered into more than one document relating to a business transaction, 'these documents should be interpreted together, each one assisting in determining the meaning intended to be expressed by the others.'" *J.M. Turner & Co. v. Delaney*, 211 Va. 168, 171 (1970) (quoting 3 Corbin on Contracts § 549, at 188 (1950)).

Here, the APA and the First Amendment to the APA unambiguously show that the only parties to the contract are Powerful Designs and Quick Designs – not Iva Nolan herself. While Nolan is listed as the "Buyer" on the first page of the APA, the First Amendment to the APA clarifies, "The Buyer of the Business is Powerful Designs, LLC. Accordingly, *all* references in the APA to the Buyer shall be to Powerful Designs, LLC." (Emphasis added). Given that the APA, therefore, only refers to Powerful Designs as the Buyer, we must find that Iva Nolan herself is not a party to the APA. Consequently, the circuit court did not err when it granted the Quick Designs motion for summary judgment because Nolan cannot personally bring a claim for breach of contract when she is not a party to that contract.

In addition, given the plain text of the First Amendment to the APA, the circuit court also did not err when it granted Nolan's motion for summary judgment and dismissed the counterclaim by Quick Designs against Nolan. The First Amendment to the APA states that "all references in the APA to the Buyer shall be to Powerful Designs, LLC." Therefore, any time the word "Buyer"

appears in the APA, this Court must read "Powerful Designs, LLC" instead. As such, Section 11 of the APA actually states:

> CREATION OF ANOTHER ENTITY BY BUYER [Powerful Designs, LLC]: Buyer [Powerful Designs, LLC] may elect to create another entity (e.g., corporation, partnership or LLC). This Agreement may be assigned to the entity and Buyer [Powerful Designs, LLC] will cause the entity (to the extent permitted by law) to assume the same. Buyer [Powerful Designs, LLC] will continue to be personally liable for and personally guarantee the performance of this Agreement and the payment of any unpaid balances owed to Seller [Quick Designs, LLC] notwithstanding such assignment and assumption.

The record does not indicate that Powerful Designs ever assigned the APA to Nolan or to another entity. Therefore, given that Powerful Designs is the only Buyer under the unambiguous terms of the APA (and the First Amendment to the APA), Quick Designs cannot maintain an action for breach of contract against Nolan herself. *See also* Code § 13.1-1019 ("[N]o member, manager, organizer or other agent of a limited liability company, regardless of whether the limited liability company has a single member or multiple members, shall have any personal obligation for any liabilities of a limited liability company, whether such liabilities arise in contract, tort or otherwise."). Consequently, the circuit court did not err when it granted Nolan's motion for summary judgment and dismissed the counterclaim by Quick Designs against Nolan.

III. CONCLUSION

In short, given the plain language of the First Amendment to the APA, Nolan herself is not a party to the APA because the First Amendment to the APA clearly shows that the only parties to the APA are Quick Designs, LLC and Powerful Designs, LLC. Therefore, Nolan individually cannot sue Quick Designs for breach of the APA, and Quick Designs cannot sue Nolan individually for breach of the APA. Consequently, the circuit court did not err when it dismissed Nolan's complaint against Quick Designs or when it dismissed the counterclaim by Quick Designs against Nolan.

For all of these reasons, we do not disturb the decision of the circuit court.

*Affirmed.*